## *In re* PETITION OF WOODBURY.

### *(Circuit Court, S. D. New York.)*

1. CLERK OF COURT—SEARCHING RECORDS—FEES.

    A clerk of a federal court is entitled to a fee of 15 cents for filing a requisition for a search for judgments, etc.

2. SAME—SAME—SAME.

    He is also entitled to a fee of 15 cents for each person against whom such search is made.

3. SAME—SAME—SAME.

    He is also entitled to a fee of 15 cents per folio for the certificate of such search.

4. SAME—SAME—SAME.

    He cannot make any charge for affixing the seal of the court to such certificate, unless required to so affix the seal.

5. SAME—FILING REQUISITION.

    He is authorized to file the requisition for his own protection, and cannot be required to return the same to the party delivering it, with the requested certificate thereto attached.—[ED.

*Charles H. Woodbury,* in person.

*Joseph M. Deuel,* opposed.

BLATCHFORD, C. J.    The petition in this case is presented to this court by an attorney and counsellor of this court.    It sets forth that the clerk of this court demands, for searching the records of the court for judgments, decrees, or other instruments constituting a general lien on real estate, and certifying the result of such search, 15 cents for each person against whom such search is required to be made, and also 15 cents for each and every folio of such certificate, together with the sum of 20 cents for affixing the seal of the court to such certificate, when such seal is not required to be affixed; that said clerk is not authorized to demand any fee for the folios of his certificate, or for affixing the seal, unless he is required to do so; that the petitioner left with said clerk for search and certification a requisition, of which the following is a copy:.

"The clerk of the circuit court of the United States for the southern district of New York will please search in his office for judgments and all other liens upon real estate against Eugene L. Bushe, for 10 years last past, and certify the result in writing for Charles H. Woodbury, 33 Pine street."

—That the said clerk proposes to give to the petitioner a certificate of which the following is a copy:

"*Circuit court of the United States for the southern district of New York.* I, John I. Davenport, clerk of the circuit court of the United States, in and for the southern district of New York, do hereby certify that I have searched the records of said court for judgments, decrees, and transcripts thereof, against the following-named persons, for the period designated herein, viz. Eugene L. Bushe, for ten years last past, and I do not find remaining or unsatisfied of record any judgment or decree against any of them, except as above set forth. In testimony whereof I have hereunto set my hand and affixed the seal of said court at New York this ——— day of ———, A. D. 1879.                   ——— [Seal.]"

—-That said clerk will not give said certificate to the petitioner unless the petitioner will pay him 65 cents, as follows: 15 cents for the names searched against; 30 cents for the certificate, charging at the rate of 15 cents a folio, there being more than 100 words, including the attestation clause, but not 100 words excluding the attestation clause; and 20 cents

for the seal. That the practice of the former clerks of this court was to deliver the requisition to the party leaving it with the clerk, with the clerk's certificate thereon, which consisted of a brief reference to the liens, if any were found, and the words "none others found," or, in case no liens were found, the words "none found," with the name of the clerk or searcher affixed; but that said clerk has introduced the practice of keeping to himself the requisition, and delivering a certificate of the character above set forth. On this petition the petitioner has applied to the court for an order that the clerk deliver to him the certificate required by him by the said requisition, on the payment of the sum of 15 cents.

In reply to this petition the clerk makes oath that, for searching the records of his office for liens upon real estate, the following charges and no others are authorized by him to be made: Filing requisition, 10 cents; for each person searched against, 15 cents; drawing return to requisition, 15 cents per folio; affixing seal when required, 20 cents. That he believes the authority for charging those fees is contained in section 828 of the Revised Statutes; and that the payment of the fee of 20 cents for affixing the seal of the court was never exacted from the petitioner or from any one else, before the return to a requisition would be delivered, but the seal and the charge therefor have been omitted in the case of the petitioner, as well as all others who have stated that they did not wish the seal affixed.

The subject of the mode in which the clerk should certify the result of a search by him of the records of the court for judgments, decrees, or other instruments constituting a general lien on real estate, was brought to the attention of the circuit judge and the district judge some time ago, in view of the fact that the clerk of a United States court in another district had been sued for damages for making a false certificate in respect to a search for such liens, such certificate being made on the original requisition delivered to the clerk. It had turned out, in that case, that an additional name had been inserted in the requisition after the clerk had returned it with his certificate on it, so as to make it appear that the

clerk had searched against such name and had found nothing, when in fact there was a lien of record against such name. Fortunately, in that case, the clerk had been able to show the fact that the name had been inserted subsequently; but the danger to which the clerk was exposed in parting with the original requisition, induced the judges to advise the clerks of the circuit and district courts for this district that it was proper for them to retain and place on file the original requisition, and to give a certificate in due form, on another paper, of the result of the search, in such manner as to identify the certificate with the requisition. In carrying out this system, three objects must be had in view: (1) To protect the clerk, who may be responsible in damages for an incorrect search; (2) to charge no more than legal fees; (3) to have a uniform system in the two United States courts for this district.

The following provisions are found in section 828 of the Revised Statutes, among the fees allowed to the clerks of the two courts:

"For filing and entering every declaration, plea, or other paper, 10 cents;" "for entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond, or making any record, certificate, return, or report, for each folio, [of 100 words,] 15 cents;" "for affixing the seal of the court to any instrument, when required, 20 cents;" "for searching the records of the court for judgments, decrees, or other instruments constituting a general lien on real estate, and certifying the result of such search, 15 cents for each person against whom such search is required to be made."

It is contended for the petitioner that the requisition required the clerk to do only that for which, by the foregoing provisions, he was authorized to charge 15 cents, and that the folio provision for making a certificate does not relate to a certificate of the result of a search for liens on real estate, as that is provided for in the charge of 15 cents for each person against whom a search is required to be made. It is proper that the clerk should file the requisition for a search, and charge 10 cents for doing so. This is necessary for the protection of the clerk, and his search is an official act made by him as clerk. The charge of 15 cents for each person against whom a search is required to be made, authorized for search-

ing and certifying the result of the search, is properly to be regarded as the compensation for making the search, and for the official act of the clerk under his official responsibility in signing the certificate, and thus fixing his responsibility for certifying the result. The charge of 15 cents per folio for making the certificate is proper, and the service is performed and is necessary.

A certificate may, by reason of a large number of names searched against, cover many folios, and there is nothing in the statute which indicates an intention that the charge of 15 cents for each name shall embrace the time and labor and care required in drawing the certificate, as well as the time and labor and care required in making the search, and the responsibility incurred in certifying the result. Of course, no charge for affixing the seal is lawful, unless it is required in the particular case that the clerk shall affix the seal. These views have been submitted to the district judge, and I am authorized to say that he concurs in them.

The application of the petitioner is denied.